# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

MOZELL SIMMONS                                                     PLAINTIFF

VS.                                             CIVIL ACTION NO. 2:09cv104-MTP

RONALD WOODALL                                          DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on December 15, 2009. The Plaintiff appeared *pro se*, and the Defendant was represented by attorney Vardaman Smith. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

### 1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at South Mississippi Correctional Institution (SMCI), having been convicted of a felony. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[2]

Plaintiff asserts claims of denial of medical treatment and inadequate medical treatment against Defendant Ron Woodall, a doctor at SMCI. Plaintiff claims that he was diagnosed as

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

diabetic by Dr. Woodall, but that he disagrees with the diagnosis. Plaintiff claims that Dr. Woodall gave him insulin but Plaintiff did not take it. Plaintiff also claims that when he was having stomach pain he went to see Dr. Woodall, who allegedly told him that he "didn't care."[3]

**2. DISCOVERY ISSUES**

At the *Spears* hearing, Defendant produced to Plaintiff a complete copy of his medical file. No other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

**3. MOTIONS DEADLINE AND TRIAL**

The deadline for the filing of motions (other than motions *in limine*) is February 15, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. The deadline for the filing of motions (other than motions *in limine*) is February 15, 2010.

2. This order may be amended only by a showing of good cause.

3. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED on this the 17th day of December, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[3] Plaintiff conceded that he was treated for his stomach pain by another doctor at SMCI, who gave him medication that cleared up the problem.