IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MOZELL SIMMONS                                                              PLAINTIFF

VS.                                                  CIVIL ACTION NO. 2:09cv104-MTP

DR. RONALD WOODALL                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment [27] filed by Defendant Dr. Ronald Woodall. Having reviewed the motion, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion should be granted and that Plaintiff's claims should be dismissed with prejudice.[1]

### Factual Background

Plaintiff is currently incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi (SMCI), having been convicted of a felony. On June 2, 2009, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant lawsuit pursuant to 42 U.S.C. § 1983. As clarified by his sworn testimony at an omnibus hearing held on December 15, 2009 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[2] Plaintiff asserts a claim of inadequate medical treatment against Defendant Ronald Woodall, a doctor at SMCI. Specifically, Plaintiff claims that he was diagnosed as diabetic by Dr. Woodall, but that he disagrees with the

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [22], the court is authorized to enter final judgment and make dispositive rulings pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 73 and L.U. Civ. R. 73.1.

[2] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

diagnosis. Plaintiff claims that Dr. Woodall gave him insulin but Plaintiff did not take it. Plaintiff also claims that when he was having stomach pain he went to see Dr. Woodall, who allegedly told him that he "didn't care." Plaintiff conceded that he was treated for his stomach pain by Dr. Frank McGrew,[3] who gave him medication that cleared up the problem.

Dr. Woodall moved for summary judgment on February 18, 2010. Plaintiff has not responded to the motion.[4]

## Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of*

---

[3] Dr. McGrew is not a defendant in this action.

[4] On March 22, 2010, when Plaintiff had not responded to the motion, the court entered an Order [33] directing Plaintiff to respond by April 5, 2010; otherwise, Plaintiff was warned, the motion would be considered and ruled upon without his response.

*Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Analysis

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the Plaintiff alleges facts

3

which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* at 838.

To successfully make out a showing of deliberate indifference, Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (quoting *Domino*, 239 F.3d at 756). "Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983." *Id.* (citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)). The plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at * 7 (S.D. Miss. Sept. 25, 2006). Additionally, a prisoner's mere "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

The record reflects that Plaintiff was diagnosed with non-insulin dependent diabetes mellitus on February 27, 2004, and had undergone diabetic foot screening at that time. *See* Woodall Aff. ¶ 6 and Exhs. B & C to Woodall Aff. In addition, on January 3, 2007, a lab test showed a glucose reading of 100, which is "high." *See* Woodall Aff. ¶ 5 & Exh. A to Woodall Aff. As a result, Dr. Woodall ordered a diabetic diet and Accucheck monitoring and insulin, all of which Plaintiff refused. *See* Woodall Aff. ¶¶ 8-9 and Exhs. E, F & G to Woodall Aff.; *see also* [31-3], [31-4], [31-5]. With respect to Plaintiff's complaints regarding stomach pain and

4

gas, the record reflects that since early 2004, when he arrived at SMCI,[5] Plaintiff has received repeated treatment for stomach pains and has been prescribed an array of medication for indigestion and gas, both by Dr. Woodall and by other medical providers at SMCI. *See*, *e.g.*, [30], [30-2], [30-3] [31] [31-2] [31-5]; *see also* Woodall Aff. ¶¶ 4, 7 & Exh. D to Woodall Aff.

Based on the foregoing, Plaintiff has failed to establish that Dr. Woodall was deliberately indifferent to his serious medical needs. Plaintiff clearly disagrees with Dr. Woodall's treatment of him. However, as noted *supra*, mere disagreement with a course of medical treatment does not constitute deliberate indifference. *See Norton*, 122 F.3d at 292. With respect to his stomach pains, assuming *arguendo* that they constitute "serious medical needs," Plaintiff has also failed to establish that Dr. Woodall was deliberately indifferent. Plaintiff received extensive medical treatment as discussed *supra*, which belies his claim that Dr. Woodall did not treat him or "care" about his stomach pains.[6] *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegation of deliberate indifference.") (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993)). Indeed, contrary to Plaintiff's claim that Dr. Woodall refused to treat him for his stomach pains, the record reflects that on several occasions Plaintiff refused to see Dr. Woodall or take any medication that he had prescribed. *See* Woodall Aff. ¶ 10 & Exh. G to Woodall Aff.; *see also* [31-3]. Moreover, Plaintiff conceded at the *Spears* hearing that he was treated by Dr. McGrew and the problem was resolved. To the extent that Plaintiff claims that Dr. Woodall's treatment was negligent or somehow incorrect, this does not provide a basis for a section 1983

---

[5] Plaintiff was transferred to SMCI from Central Mississippi Correctional Facility on or about January 16, 2004. *See* [30-4] at 23.

[6] Plaintiff has failed to rebut this evidence since - as noted *supra* - he has not even responded to the motion.

claim. Accordingly, Plaintiff's claims against Dr. Woodall should be dismissed with prejudice.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendant Dr. Ronald Woodall's Motion or Summary Judgment [27] is granted and Plaintiff's claims are dismissed with prejudice. A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Woodall's Motion to Dismiss [16], as well as all other pending motions, if any, are dismissed as moot.

SO ORDERED AND ADJUDGED on this the 20th of April, 2010.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge